UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:18-CR-521-CAS-1 | Date | NOVEMBER 22, 2021 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| D. Rojas for Catherine Jeang | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| DERRICK TURNER, | | | | Pro Se | | | |

| **Proceedings:** | DERRICK TURNER'S MOTION TO TERMINATE SUPERVISED RELEASE |
|---|---|

On August 30, 2021, defendant Derrick Turner filed a pro se motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Dkt. 8. On October 25, 2021, in accordance with the Court's briefing schedule, the government filed an opposition to Turner's motion for early termination of supervised release. Dkt. 12. On November 18, 2021, Turner filed a reply to the government's opposition, this time filed by the Office of the Federal Public Defender. Dkt. 13.

In 1999, Turner was convicted of conspiracy and possession of controlled substances in violation of 21 U.S.C. §§841(a)(1) and 846 sentenced to 360 months in prison. Dkt. 8 at 2. After his sentence was imposed, sentencing laws began to change and his sentence was reduced ultimately to 260 months. Id. Turner was released from prison on to supervised release on March 30, 2019. Id. He has currently served 4 and one-half years of his 10-year term of supervised release. Id. In the years following his release, the First Step Act was enacted, resulting in further sentence reductions for similar convictions. Id.

Under 18 U.S.C. § 3583(e)(1), a district court is authorized to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" When reviewing a motion for early termination

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

of supervised release, a district court must apply the standards set forth in Title 18 U.S.C. § 3583(e). United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) .

In turn, § 3583(e) requires a district court to consider and weigh certain factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), in deciding whether to grant or deny a motion to terminate supervised release. Those relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

In his motion, Turner requests that the Court terminate the imposed term of his supervised release pursuant to 18 U.S.C. 3583(e)(1). Dkt. 8 at 1. Defendant argues that his conduct, the 18 U.S.C. §3553(a) sentencing factors, and the policy of the Sentencing Commission and Judiciary all weigh in favor of early termination. Id. Based on the §3553(a) sentencing factors, Turner argues that the progress he has made while in prison, as well as his low likelihood of recidivism, and his successful post-conviction rehabilitation make him a strong candidate for termination of his supervised release. Id. at 8-10. Turner also notes that the kinds and ranges of sentences available to him today are different than those in his original sentencing, which under the Sentencing Guidelines Manual, should impact the Court's decision. Id. at 10.

In the government's opposition, the government argues that Turner has failed to meet his burden to show that early termination is warranted. Dkt. 12. Further, the government states that the relevant 18 U.S.C. 3553(a) factors do not counsel for early termination of supervised release. Id. The government argues that the 10 year supervised release period is reasonable and remains appropriate to achieve its purpose of rehabilitation and to provide deterrence to criminal conduct. Id. 4-6.

In his reply, Turner emphasizes that the United State Probation Office does not oppose his early termination and that the government has stated that Turner has exhibited "model

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

behavior." Dkt. 13 at 1.  The reply goes on to describe in more detail the charitable work and progress Turner has made since being released from prison.  Id. at 2-7.

While the Court commends Mr. Turner's progress and charitable work, the Court finds and concludes that at this time it is premature to terminate supervised release.  Defendant may at a later time file a further application for termination of supervised release.

Accordingly, the Court DENIES defendant's motion to terminate supervised release WITHOUT PREJUDICE.

IT IS SO ORDERED.

|  |  : |
|---|---|
| Initials of Deputy Clerk | dr |